45 F.3d 1391
 46 Soc.Sec.Rep.Ser. 492, Unempl.Ins.Rep. (CCH) P 14351B
Florence J. GILBERT, Roger L. Blair, Alvin L. Neal, Eunice
M. Robinson, and Loretta L. London, Plaintiffs-Appellants,
v.
Donna E. SHALALA, Secretary of the United States Department
of Health and Human Services, Defendant-Appellee.
 Nos. 93-1399, 94-1125.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 17, 1995.
 
 Frederick W. Newall, Colorado Springs, CO, for plaintiffs-appellants.
 Lowell V. Sturgill, Atty., Civ. Div. (Frank W. Hunger, Asst. Atty. Gen., William Kanter, Atty., Civ. Div., Dept. of Justice, Washington, DC and Henry L. Solano, U.S. Atty., Denver, CO, with him on the brief), for defendant-appellee.
 Before MOORE, BARRETT and KELLY, Circuit Judges.
 PAUL KELLY, Jr., Circuit Judge.
 Plaintiffs-appellants Florence J. Gilbert, Roger L. Blair, Alvin L. Neal, Eunice M. Robinson, and Loretta L. London appeal from the district court's order granting the government's motion for summary judgment and dismissing the action for lack of standing. Plaintiff-appellant Alvin L. Neal appeals from the district court's order denying his motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. Our jurisdiction arises under 28 U.S.C. Sec. 1291 and we affirm.
 
 Background
 
 1
 Plaintiffs each filed claims for social security benefits, were denied those benefits, and now allege that the denial notices they received were misleading and violated their Fifth Amendment right to due process. Specifically, Plaintiffs allege that the notices did not clearly inform them of the res judicata effects of the denial when reapplying for benefits without appealing their initial denials.
 
 
 2
 The district court held that Plaintiffs lacked standing to maintain the action because they had failed to show a causal connection between the language of the denial notices and their failure to appeal. See Gilbert v. Shalala, 828 F.Supp. 815, 818-19 (D.Colo.1993). Since the district court found that Plaintiffs failed to establish standing, it did not address Plaintiffs' motions for class certification and summary judgment.
 
 
 3
 The district court also held that Plaintiff Neal's claim was moot because his application for benefits had been reopened and he had thus obtained all relief sought from the district court. Thereafter Plaintiff Neal requested attorney's fees and costs pursuant to the EAJA. The district court, however, denied his request on the grounds that the position of the United States regarding Plaintiff Neal's claim was substantially justified.
 
 I. Standing
 
 4
 "Standing is a question of law for the court to determine," Motive Parts Warehouse v. Facet Enters., 774 F.2d 380, 389 (10th Cir.1985), thus we review the district court's determination of standing de novo. Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir.1994). Under Article III of the Constitution, jurisdiction of federal courts is limited to cases and controversies. U.S. Const. art. III, Sec. 2. Standing is an essential part of the case-or-controversy requirement and involves three elements. Lujan v. Defenders of Wildlife, --- U.S. ----, ----, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). First, the plaintiff must have suffered an invasion of a legally-protected interest that is "concrete and particularized," and "actual or imminent," not "conjectural or hypothetical." Id. (internal quotations omitted) (citations omitted). Second, there must be a causal connection between the injury and the complained of conduct; that is, the injury must be " 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' " Lujan, --- U.S. at ----, 112 S.Ct. at 2136 (quoting Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976)). Finally, it must be likely, not merely speculative, that the injury will be " 'redressed by a favorable decision.' " Lujan, --- U.S. at ----, 112 S.Ct. at 2136 (quoting Simon, 426 U.S. at 38, 96 S.Ct. at 1924).
 
 
 5
 Plaintiffs bear the burden of proving standing with the manner and degree of evidence required at the particular stage of the litigation. See Lujan, --- U.S. at ----, 112 S.Ct. at 2136. In response to a summary judgment motion, the nonmovant must present specific facts by affidavit or other evidence, which will be taken as true for purposes of the motion. Id. at ----, 112 S.Ct. at 2137. Summary judgment is then proper if there is no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 6
 Plaintiffs have failed to present evidence that they meet the Article III requirement of standing. Specifically, Plaintiffs have not shown a causal connection between their injury and the allegedly deficient denial notices. To the contrary, the record in this case clearly establishes a lack of reliance by the Plaintiffs upon the notices. In deposition testimony or affidavits, Plaintiffs stated either that they relied on sources other than the challenged language in believing that they could reapply and receive retroactive benefits, or could not remember reading the challenged language. Aplt.App. at 229, 150, 157-58, 276, 291, 395, 532-33.
 
 
 7
 Plaintiffs' argument that mere receipt of an allegedly defective denial notice is sufficient to establish standing is without merit. We believe that in order to satisfy the causal connection requirement set forth by Lujan, Plaintiffs must show that they relied on the challenged language in the denial notices. See Burks-Marshall v. Shalala, 7 F.3d 1346, 1349 (8th Cir.1993); Day v. Shalala, 23 F.3d 1052, 1066 (6th Cir.1994).
 
 
 8
 Although this issue is one of first impression in this circuit, we agree with the holdings of other circuits that a plaintiff must demonstrate reliance on the allegedly defective denial notices. The Eighth Circuit has held that a plaintiff lacked standing where she failed to demonstrate that the "alleged deficiency in the notice had any connection in fact with her own failure to seek review of the two early denials." Burks-Marshall, 7 F.3d at 1349. Similarly, the Sixth Circuit has held that the only claimants who could have been injured by deficient denial notices are those "who detrimentally relied on the inadequate denial notice." Day, 23 F.3d at 1066. Without such reliance, the injury is not fairly traceable to the challenged action. Since Plaintiffs have not made a showing of reliance on the denial notices, they have failed to meet the constitutional minimum required by Lujan and have no standing to maintain this action.
 
 II. Attorney's Fees
 
 9
 Plaintiff Neal argues that the district court erred in denying his motion for attorney's fees and costs under the EAJA. The EAJA requires that a court "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States ... unless the court finds that the position of the United States was substantially justified ..." 28 U.S.C. Sec. 2412(d)(1)(A). The government bears the burden of showing that its position was substantially justified. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). We review the district court's determination of whether the government's position was substantially justified for abuse of discretion. Gutierrez v. Sullivan, 953 F.2d 579, 585 (10th Cir.1992), cert. denied sub nom. Shalala v. Gutierrez, --- U.S. ----, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993).
 
 
 10
 The district court did not determine whether Plaintiff Neal was a prevailing party, but found that the position of the United States was substantially justified. See Aplt.App. at 1146. The test for substantial justification in this circuit is one of reasonableness in law and fact. Gutierrez, 953 F.2d at 584-85 (quoting Fulton v. Heckler, 784 F.2d 348, 349 (10th Cir.1986)). We agree that the government was reasonable in its defense that Plaintiff Neal lacked standing to bring his claim. We have already determined in this opinion that he failed to meet the Lujan requirements of standing. We also find that the government was reasonable in its position that the denial notices were constitutionally adequate. Nothing in the record indicates that the government believed that Plaintiff Neal had a valid due process claim.
 
 
 11
 Plaintiff Neal's contention that his claims were reopened as part of the government's litigation strategy fails. The record shows that the reopening was based on his mental impairment and lack of counsel at the time of his applications, not on grounds challenged in his suit. See Aplt.App. at 1118, 1121. Moreover, Plaintiff Neal has failed to refer to any evidence in the record supporting his assertion that the government admitted its prelitigation conduct was not substantially justified. See Appellant's Brief at 8. We will not search the record in order to find such evidence. SIL-FLO, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513 (10th Cir.1990).
 
 
 12
 AFFIRMED.