62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick F. OSBORN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7139.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant appeals from an order of the district court denying appellant's fee application filed pursuant to the Equal Access to Justice Act, 28 U.S.C. 2412. In the underlying case, appellant was awarded Social Security benefits after the district court remanded his case to the agency for further evaluation and consideration. As a prevailing party under EAJA, appellant applied to the district court for fees, and the government opposed his application. The district court denied appellant's request for fees, ruling that the government's position was substantially justified, a holding that precludes a fee award under the statute. 28 U.S.C. 2412(d)(1)(A).
 
 
 3
 On appeal, appellant asserts that the district court erred in ruling that the government's position was substantially justified. He contends the government failed to demonstrate a justifiable position because it filed its response untimely, albeit after leave of court. He further contends that the administrative law judge (ALJ) incorrectly evaluated appellant's subjective complaints, including claims of pain and mental impairment, incorrectly assessed appellant's residual functional capacity, and failed to use pertinent vocational expert testimony. Finally, he argues that the Secretary erroneously defended the ALJ's decision and, in so doing, ignored pertinent law and misstated the facts.
 
 
 4
 We have jurisdiction over this appeal by virtue of 28 U.S.C 1291. We review the district court's determination that the government's position was substantially justified only for abuse of discretion. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.), petition for cert. filed, 63 U.S.L.W. 3773 (U.S. Apr. 17, 1995)(No. 94-1689). After careful review of the parties' briefs and appendices, and after consideration of the applicable law, we conclude that the district court did not abuse its discretion in this determination. Accordingly, it properly denied appellant's EAJA fee application.
 
 
 5
 Appellant cites no authority for his contention that the government's untimely filing of its response brief to appellant's fee application should result in essentially a default judgment for appellant. The government sought, and obtained, leave of court to file out of time, and we can see no reason or policy under the circumstances of this case which compels the result appellant seeks.
 
 
 6
 In challenging the ALJ's decision denying benefits and the Secretary's defense of that decision, appellant presents no arguments which lead us to "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994)(quotation omitted). Accordingly, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470