UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

RANDOLF T. OTT,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 96-3163
(D.C. No. 94-4235-DES)
(D. Kan.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Randolf T. Ott appeals the district court's order denying his request for attorney fees made pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following the district court's remand of his action for social security disability benefits under sentence four of 42 U.S.C. § 405(g). Claimant has abandoned on appeal his argument that the district court should have awarded fees pursuant to 42 U.S.C. § 406(b)(1)(A). We reverse and remand to the district court for determination of the appropriate fee.

Background

Claimant filed for disability insurance benefits alleging he became disabled by post-traumatic stress syndrome caused by his tour of duty in Vietnam from 1965 to 1969. He claimed that he was totally disabled prior to the expiration of his insured status on December 31, 1989. On August 11, 1993, he wrote a letter requesting the presence of a medical advisor at the administrative hearing and renewed his request at the hearing. An Administrative Law Judge (ALJ) denied benefits after a hearing, concluding that claimant could return to his past work prior to December 31, 1989. The Appeals Council denied review. The district court concluded that the medical evidence was ambiguous, and remanded for further administrative proceedings, directing that a medical adviser be called to testify regarding the onset date of claimant's disability, as required by Social Security Ruling 83-20 (SSR 83-20).

Claimant then sought fees under the EAJA, which provides for an award of attorney fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Section 2412(d)(1)(A). There is no dispute that claimant is a "prevailing party" for purposes of the EAJA. The government's position is "substantially justified" if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). "We review the district court's determination of whether the government's position was substantially justified for abuse of discretion." Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995). The government bears the burden of proving its position was substantially justified. Id.

## Discussion

On appeal, claimant asserts that the government's position was not substantially justified because the ALJ denied claimant's requests for a medical advisor to testify at the administrative hearing regarding the onset date of claimant's disabling condition. He argues that SSR 83-20 required the ALJ to call a medical advisor because the onset date of claimant's disability had to be inferred. He further claims that the government compounded the ALJ's errors by opposing his appeals to the Appeals Council and the district court.

In denying claimant's motion for fees, the district court ruled that "[a] reasonable person could have adduced from the evidence which was before the

ALJ that the [claimant] did not become disabled until after 1989," and therefore the government's position was substantially justified. District court's Feb. 23, 1996 order at 6-7. The district court's earlier order, however, remanded the case for further administrative proceedings on the ground that the ALJ had failed to call a medical advisor to testify at the hearing, pursuant to SSR 83-20.

The issue was not whether a reasonable person could have determined that claimant was not disabled until after 1989. Rather, the issue was whether the government met its burden to show that it was substantially justified in not calling a medical advisor under the circumstances. See Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995) ("In a suit challenging the denial of social security disability benefits, it is a judgment reversing and remanding a case to the Secretary for additional proceedings under sentence four of 42 U.S.C. § 405(g) that makes a plaintiff a prevailing party for purposes of the EAJA."); Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1995) (in evaluating whether government's position was substantially justified, focus is on issue that led to remand, rather than ultimate issue of disability).

"Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence." SSR 83-20. Where it is necessary to infer the onset date because medical evidence at the time

of onset is lacking, a medical advisor should be called to testify at the hearing.

Id.

Here, the record reflects that claimant has not engaged in substantial gainful activity since December 31, 1988. There are no medical records for the relevant time period prior to claimant's date last insured of December 31, 1989. The January 1990 medical records, as well as other, later medical reports, indicate that claimant may have been disabled by post-traumatic stress syndrome prior to December 31, 1989. Accordingly, it was necessary to infer the onset date. As the district court held, SSR 83-20 required the ALJ to call a medical advisor to testify. See Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993) (social security rulings are binding on an ALJ). His failure to do so was without a reasonable basis in fact or law, and consequently, the government's position was not substantially justified.

The judgment of the district court is REVERSED, and the case is REMANDED for a determination of the appropriate fee.

Entered for the Court

Robert H. Henry
Circuit Judge

-5-