**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————————

H.D. HULETT,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5139
(D.C. No. 92-C-136-W)
(N.D. Okla.)

———————————————

ORDER AND JUDGMENT[**]

———————————————

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[***] District
Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S.
Chater, Commissioner of Social Security, is substituted for Donna E. Shalala,
Secretary of Health and Human Services, as the defendant in this action.
Although we have substituted the Commissioner for the Secretary in the caption,
in the text we continue to refer to the Secretary because she was the appropriate
party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Robin J. Cauthron, District Judge, United States District Court
for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court denying her motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff sought fees after this court's partially favorable remand. See Hulett v. Chater, No. 95-5015 (10th Cir. Jan. 10, 1996). The sole issue on appeal is whether the district court erred in denying plaintiff's request for EAJA fees. We affirm.

Plaintiff was awarded social security disability benefits beginning in June 1979, due to a heart attack. Both in 1982, following an investigation of whether he was engaged in substantial gainful activity in light of his reported earnings, and in 1983, following a medical review and a statement that his work activity had not changed and no further record development was needed, the Secretary decided to continue benefits. In June 1986, however, the Secretary terminated plaintiff's disability benefits on the basis that plaintiff was engaged in substantial gainful activity. In doing so, the Secretary reopened the original disability determination and concluded that the application for benefits involved fraud and that all benefits plaintiff had collected were obtained by fraud. The district court

affirmed.  On appeal, this court held that the Secretary's 1982 and 1983 decisions to continue benefits precluded the Secretary from reopening the original disability determination.   This court determined as follows:

> The Secretary's 1982 and 1983 decisions to continue disability benefits were made following an investigation of these same reported earnings for 1979 and 1980, as well as those for 1981, based upon the Secretary's determination that those reported earnings were not the result of substantial gainful activity.  The Secretary does not allege the existence of any new indices of fraud that she currently possesses that were unavailable when the Secretary made these continuation determinations.  Significantly, the Secretary has never sought to reopen the 1982 or 1983 decisions to continue benefits. See Lauer v. Bowen, 818 F.2d 636 (7th Cir. 1987)(Secretary could not ignore previous ruling that claimant's work was not substantial gainful activity).  The 1982 and 1983 continuation-of-benefits determinations, therefore, preclude the Secretary from reopening the initial disability determination, based upon those same reported earnings.  See Dugan[ v. Sullivan], 957 F.2d [1384,] 1387-88, 1391 [(7th Cir. 1992)]; Draper[ v. Sullivan], 899 F.2d [1127,] 1130 [(11th Cir. 1990)].

Id. at 4-5.  This court determined, however, that the record contained substantial evidence to support the Secretary's finding that plaintiff had engaged in substantial gainful activity beginning in 1984.  Accordingly, this court upheld the recovery of benefits commencing in April 1984 and continuing through August 1986, and reversed and remanded as to recovery of other payments.

Based only on the partial finding in favor of plaintiff, plaintiff filed a motion for attorney's fees and costs pursuant to EAJA in the district court,

alleging without elaboration that the Secretary's position on the fraud issue was not substantially justified. The district court denied the motion. It stated:

> The fact that the government lost a portion of the case when the Court of Appeals ruled does not mean that the [Secretary's] position was not substantially justified and that plaintiff is entitled to EAJA fees. . . . The fact that the [Secretary's] decision was affirmed in part clearly indicates that the [Secretary's] decision was substantially justified. The Court of Appeals agreed with the [Secretary] that plaintiff had been at fault in receiving disability benefits to which he was not entitled, so it was reasonable for the [Secretary] to question plaintiff's conduct on the whole, under the circumstances of this case.

Appellant's App. vol. 1 at 32. Plaintiff appealed.[1]

EAJA provides that attorney's fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government bears the burden of showing that its position

---

[1]     Plaintiff did not include in the record a copy of either the Secretary's brief or his brief to the district court on appeal from the Secretary's final order requiring repayment of disability benefits or a copy of the Secretary's brief in opposition to the motion for EAJA fees. This court reviews whether the Secretary's position was substantially justified on the "basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); see 10th Cir. R. 10.3.2(b) (requiring opposition to motion to be filed when appeal is from denial of motion); see also Appellant's Br. at 15 (quoting language of § 2412(d)(1)(B)). We assume that the Secretary's brief on appeal has placed her position in the most favorable light and base our decision on that brief's description of the Secretary's position. We again emphasize, however, plaintiff's responsibility to provide all portions of the record needed to make a proper determination on appeal.

was substantially justified." Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995). The government's position is "substantially justified" if it has a reasonable basis in law and fact. See Pierce v. Underwood, 487 U.S. 552, 565-66 (1988) (citing United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1486-87 (10th Cir.1984)).

Plaintiff contends that the Secretary was not substantially justified in raising the fraud issue, because she had determined in 1982 and 1983 that plaintiff's work did not constitute substantial gainful employment and had determined in 1987 that the fraud issue was closed even though plaintiff still had liability for any overpayments. After careful consideration, we agree with the district court that, under the circumstances of this case, looking at the case as a whole, the Secretary's position was substantially justified. Compare Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 135, 139 (4th Cir. 1993) (focusing on litigation as whole to determine whether government's position was substantially justified, rather than looking only at issue on which plaintiff prevailed) with Flores v. Shalala, 49 F.3d 562, 566, 572 (9th Cir. 1995) (focusing on Secretary's position on particular procedural errors leading to remand and not on reasonableness of position on ultimate issue of disability).

Because the district court applied the appropriate standards and its decision has a basis in reason, we conclude the district court did not abuse its discretion in denying EAJA fees. See Gilbert, 45 F.3d at 1394 ("We review the district court's determination of whether the government's position was substantially justified for abuse of discretion."). Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge