Elgin L. **HARTTER**, Plaintiff,

v.

John J. **CALLAHAN**, **Ph.D.**, **Acting Commissioner of Social Security**, **Defendant.**

No. 95–4184–RDR.

United States District Court, D. Kansas.

July 7, 1997.

Kelly C. Brown, Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, for Plaintiff.

D. Brad Bailey, Office of U.S. Attorney, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is a social security disability benefits case. Several motions are pending before the court. Having carefully reviewed them, the court is now prepared to rule.

On September 24, 1996, the court granted the defendant's motion to remand and returned this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration of plaintiff's claim. Thereafter, plaintiff sought attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and the Social Security Act, 42 U.S.C. § 406(b)(1). On March 5, 1997, the court denied plaintiff's motion for fees. The court denied plaintiff's motion for fees under the Social Security Act as premature. The court denied plaintiff's motion for fees under the EAJA after finding that the defendant's position was substantially justified. A judgment reflecting the court's order was filed on March 6, 1997. On March 17, 1997, plaintiff filed a motion for reconsideration of the court's order of March 5, 1997, and a motion to amend that order. On April 4, 1997, plaintiff filed a motion to vacate the court's judgment that was entered on March 6, 1997. Finally, on May 5, 1997, plaintiff filed a notice of appeal.

MOTION FOR RECONSIDERATION

In the motion for reconsideration, plaintiff argues that the court erred in denying EAJA fees. Plaintiff contends that the court erred in finding the defendant's position substantially justified because we considered only the defendant's litigation position and failed to consider the defendant's position during administrative proceedings. Specifically,

plaintiff asserts that the defendant's position during administrative proceedings was not substantially justified because the Social Security Administration failed to recognize the treating physician rule.

 Initially, we note that plaintiff's motion for reconsideration must be considered as a motion to alter or amend under Fed. R.Civ.P. 59(e), even though plaintiff does not refer to this rule. A post-judgment motion will be considered a Rule 59(e) motion where it involves " 'reconsideration of matters properly encompassed in a decision on the merits.' " *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S.Ct. 987, 990, 103 L.Ed.2d 146 (1989) (quoting *White v. New Hampshire*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). *See also Hannon v. Maschner*, 981 F.2d 1142, 1144 n. 2 (10th Cir.1992). Plaintiff's motion, seeking reconsideration of the merits of the attorney's fees issues, is clearly covered by Rule 59(e). The court has jurisdiction to consider this motion even though plaintiff has filed a notice of appeal. *Osterneck*, 489 U.S. at 177, 109 S.Ct. at 992 (notice of appeal is a nullity when filed after a timely Rule 59(e) motion).

In turning to the merits of the motion, the court states that it did consider the defendant's position during the administrative proceedings in reaching our conclusion in the order of March 5, 1997. Perhaps the court's order is not entirely clear on this point, but we did evaluate the defendant's pre-litigation determination in making the finding of substantial justification. In order to clear up any problem on this matter, we shall address the issue raised by the plaintiff in more detail.

 Plaintiff contends that the Social Security Administration, through the opinions of the ALJ and the Appeals Council, failed to recognize the treating physician rule. We must disagree. "[T]he treating physician rule governs the weight to be accorded the medical opinion of the physician who treated the claimant.. including opinions of other physicians." *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir.1995) (quotation omitted). Generally, the opinion of a treating physician must be given substantial weight, and may be disregarded only if the Secretary gives

specific and legitimate reasons for doing so. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir.1984). In his decision, the ALJ specifically acknowledged the opinions of plaintiff's treating physicians and cited specific and legitimate reasons for rejecting them. He stated:

> The undersigned notes that there are contrary opinions in the evidence offered by Dr. Horne and Penn that the claimant is disabled. The undersigned does not find these persuasive given the opinions noted previously from the consultative psychologist and the VA disability rating board, the claimant's ability to work for 23 years consecutively without suffering intrusive recollections of his experiences in Vietnam of such severity as to prohibit work activity and the inconclusive results of a MMPI in August 1992.

The court acknowledges that it might have reached a different result in evaluating all of this evidence, but the test remains whether the defendant's position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The court is persuaded that the position adopted by the Social Security Administration was reasonable both in fact and in law. Accordingly, we find no error in our decision of March 5, 1997.

Finally, we are not persuaded that *Ott v. Chater*, 106 F.3d 414, 1997 WL 26575 (10th Cir.1997), commands a different result. Plaintiff contends that *Ott* is similar to this case and it requires that EAJA fees be awarded here. The court is not convinced that the circumstances of *Ott* and this case are at all similar. In *Ott*, the defendant defended its position in the administrative proceedings before the district court. The court reviewed the evidence and determined that the defendant had not followed an applicable Social Security Ruling by failing to call a medical advisor to testify at the hearing before the ALJ. The Tenth Circuit determined that plaintiff was entitled to EAJA fees because the defendant had not met its burden in showing that it was substantially justified in not calling a medical advisor.

Here, the defendant sought remand after plaintiff disclosed new evidence. The court determined that remand was appropriate in light of the new evidence. The court made no finding that the defendant had failed to follow Tenth Circuit law. In fact, in the order denying fees and in this order, the court specifically determined that the position of the defendant was substantially justified. These circumstances differ significantly from *Ott* and do not require the same result.

## MOTION TO AMEND

The court next turns to plaintiff's motion to amend the court's order of March 5, 1997. Plaintiff contends that an amendment to the March 5th order is necessary to show that his motion for attorney's fees under 42 U.S.C. § 406(b) was denied as premature. The defendant has no objection to amendment of the court's order. The defendant, however, has indicated that he fully understands that plaintiff will be entitled to fees under section 406(b) if he prevails on remand.

In the body of the order of March 5th, the court denied plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) as premature. The court noted that plaintiff was not entitled to fees under section 406(b) because there had not as yet been an award of benefits. In the language at the conclusion of the order setting forth the decisions adopted in the opinion, the court stated only that the plaintiff's motion for fees under section 406(b) was denied. Plaintiff contends that the court needs to amend its order to show that her motion was denied as *premature*. We disagree. The order language of the opinion is not read in a vacuum. The opinion states quite clearly why the plaintiff's motion was denied. We see no reason to amend the order to add this additional language. The defendant, as well as any individual who reads the order, fully understands that plaintiff will be able to obtain fees under section 406(b) if and when he is awarded disability benefits. Accordingly, plaintiff's motion to amend shall be denied.

## MOTION TO VACATE

■ The court finally turns to plaintiff's motion to vacate the court's judgment of March 6, 1997. The underlying legal authority for this motion is not clear. Plaintiff cites a local rule for support of this motion, but it provides no authority for the filing of such a motion. Since the motion was filed over ten days after the entry of judgment, it cannot be considered a motion under Rule 59(e) or D.Kan. Rule 7.3. The court believes that the motion must be considered under Fed. R.Civ.P. 60(b). Once an appeal is filed, a court only has authority to deny a Rule 60(b) motion. *Aune v. Reynders,* 344 F.2d 835, 841 (10th Cir.1965).

■ There is little question that plaintiff's motion to vacate must be denied. The arguments contained in the motion demonstrate a fundamental lack of understanding of the Federal Rules of Civil Procedure and the local rules. Plaintiff argues, apparently relying upon D.Kan. Rule 58.1, that a judgment should not be entered until ten days after a decision by the court.

Plaintiff misreads and misunderstands Rule 58.1. Plaintiff makes the following statement, relying upon Rule 58.1: "As a general policy, judgment shall not be entered until the ten day period has passed from the date of entry of the order or decision of the Court to allow for the filing of a motion for reconsideration, or the passage of the requisite time to insure that a party does not intend to file the same." Rule 58.1 sets forth the procedure for the filing of journal entries with the court. It does not set forth the procedure for the filing of judgments. The filing of judgments is governed by Fed. R.Civ.P. 58. Rule 58 commands that the Clerk enter a judgment "forthwith" following a decision by the court that all relief is denied. The judgment in this case was properly and timely filed following the court's order of March 5, 1997. There is no basis to vacate it.

■ The filing of a judgment does not, as suggested by plaintiff, eliminate the possibility of the filing of a motion to reconsider. Following the filing of a judgment, a litigant may file a motion to alter or amend pursuant to Rule 59(e). Rule 59(e) serves the same purpose as a motion to reconsider under D.Kan. Rule 7.3. Motions to reconsider un-

der Rule 7.3 are designed for orders where a judgment is not entered. Moreover, plaintiff's concern that the time for appeal begins to run with the filing of a judgment is also misplaced. The filing of a timely motion to alter or amend under Rule 59(e) tolls the running of the appeal period. Fed.R.App.P. 4(a); *Browder v. Director, Dept. of Corrections,* 434 U.S. 257, 264–65, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978).

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration of the memorandum and order of the court dated March 5, 1997 (Doc. # 33) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the memorandum and order dated March 5, 1997 (Doc. # 34) be hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to vacate the court's judgment entered March 6, 1997 (Doc. # 36) be hereby denied.

**IT IS SO ORDERED.**