**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LOREN DALE SHOOP,

Defendant-Appellant.

No. 98-6240
(D.C. No. 96-CV-1065)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

Pursuant to the Federal Workforce Restructuring Act of 1994, defendant

Loren Dale Shoop took early retirement from the Federal Aviation Administration

(FAA), in exchange for a voluntary separation incentive payment of $25,000. [1]

After his retirement, Shoop began work for a company called LB&M, which

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

contracted out Shoop's services to the FAA. The government brought suit against defendant, alleging that his return to work at the FAA within five years of his retirement violated the terms of his buyout agreement and the Restructuring Act. The district court entered judgment in favor of Shoop, finding that the contract under which Shoop was working was not administered as a personal services contract and, therefore, that he did not violate his buyout agreement or the Restructuring Act.

As the prevailing party, Shoop filed a motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The district court denied the motion because it found the position of the United States was substantially justified. Shoop now appeals the denial of his motion for attorney fees. We review the district court's determination that the position of the United States was substantially justified for an abuse of discretion. *See Pierce v. Underwood*, 487 U.S. 552, 559, 563 (1988). Guided by this standard, we affirm.

The EAJA provides in pertinent part that "a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2142. To be substantially justified, the litigation position of the United States must be "justified to a degree

that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. "[T]he test of substantial justification is essentially one of reasonableness in both law and fact." *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1486 (10th Cir. 1984). The burden is on the government to show its position is substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). To meet that burden, it must "show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." *2,116 Boxes of Boned Beef*, 726 F.2d at 1487.

Whether or not Shoop violated the buyout agreement and the Restructuring Act turned on whether the contract under which the FAA gained his services after his retirement was a personal services contract.[2] The district court concluded that it was not, but the district court also found that the government's litigation position to the contrary was substantially justified. We must now determine whether the district court abused its discretion in finding that the government's litigation position was substantially justified. The fact that the government's position did not prevail in the district court is not determinative of substantial

---

[2] For purposes of this case, a personal services contract "means a contract that, by its express terms or as administered, makes the contractor personnel appear, in effect, Government employees." 48 C.F.R. § 37.101.

justification.  *See United States v. Charles Gyurman  Land & Cattle Co.* , 836 F.2d

480, 483 (10th Cir. 1987).

    The government's audit investigating whether this was a personal services

contract focused on the issue of supervision.  [3]  The record shows that in the course

---

[3]    The relevant regulation, 48 C.F.R. § 37.104, provides that:

(c)(1) An employer-employee relationship under a service contract occurs when, as a result of (i) the contract's terms or (ii) the manner of its administration during performance, contractor personnel are subject to the relatively continuous supervision and control of a Government officer or employee.  However, giving an order for a specific article or service, with the right to reject the finished product or result, is not the type of supervision or control that converts an individual who is an independent contractor (such as a contractor employee) into a Government employee.

(2) Each contract arrangement must be judged in the light of its own facts and circumstances, the key question always being:  Will the Government exercise relatively continuous supervision and control over the contractor personnel performing the contract?  The sporadic, unauthorized supervision of only one of a large number of contractor employees might reasonably be considered not relevant, while relatively continuous Government supervision of a substantial number of contractor employees would have to be taken strongly into account (see (d) below).

(d) The following descriptive elements should be used as a guide in assessing whether or not a proposed contract is personal in nature:
(1) Performance on site.
(2) Principal tools and equipment furnished by the Government.
(3) Services are applied directly to the integral effort of agencies or an organizational subpart in furtherance of assigned function or mission.
(4) Comparable services, meeting comparable needs, are performed

                                                    (continued...)

of the government audit, the investigators gained evidence that FAA employees were, in fact, supervising Shoop on a consistent basis. Shoop and FAA employees stated at one point during the audit that Dalinda Wall, an FAA employee, supervised Shoop. At trial, however, the evidence on this point was conflicting. The investigators testified that, during their audit, they were told that FAA employees supervised Shoop and that their observations were consistent with that scenario. Dalinda Wall testified at trial that she did not supervise Shoop. She denied ever having told the investigators otherwise. The record also shows that several FAA documents indicating that Shoop's contract did not violate the Restructuring Act were created only after the audit had begun.

The record shows a reasonable basis in fact for the government's litigation position that Shoop was operating under a personal services contract. Therefore, the district court was well within its discretion in finding that the government's

---

[3](...continued)
in the same or similar agencies using civil service personnel.
(5) The need for the type of service provided can reasonably be expected to last beyond one year.
(6) The inherent nature of the service, or the manner in which it is provided reasonably requires directly or indirectly, Government direction or supervision of contractor employees in order to--
(i) Adequately protect the Government's interest;
(ii) Retain control of the function involved; or
(iii) Retain full personal responsibility for the function supported in a duly authorized Federal officer or employee.

litigation position was substantially justified.  AFFIRMED.  The motion to supplement the record is GRANTED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge