**Thelma CULLER, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

No. 96–4164–SAC.

United States District Court, D. Kansas.

March 27, 2000.

Thelma I. Culler. Colony, KS, pro se.

Larry O. Denny, Houske & Rollins, P.C., Kansas City, MO, pro se.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for Defendant.

MEMORANDUM AND ORDER

CROW, Senior District Judge.

This is a social security appeal from the final decision of the defendant Commissioner of Social Security ("Commissioner")

denying the plaintiff Thelma Culler's application for disability insurance benefits under Title II of the Social Security Act. By prior order of this court, this case was "reversed and remanded to the Commissioner for further proceedings consistent with this [court's] order." (Dk.14, p. 32); *see Culler v. Apfel,* 1999 WL 318155 (D.Kan. Jan.29, 1999). Within ninety days, the plaintiff filed an application for attorney's fees in the amount of $5,967.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dk.16). The Commissioner opposes an award of attorney's fees arguing the government's position throughout the proceedings was substantially justified. Alternatively, the Commissioner requests the court to evaluate the requested hourly rate and to reduce the requested time by those hours that are excessive or unreasonable.

■ Social security disability review cases are covered by the EAJA. *Martinez v. Secretary of Health & Human Services,* 815 F.2d 1381, 1382 (10th Cir.1987). Under the EAJA, "a court shall award to a prevailing party other than the United States fees and other expenses, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The "position of the United States" includes not only that taken in the civil action but also that action or inaction "by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). A district court's order remanding a case for additional proceedings constitutes a sentence four remand and makes the plaintiff a prevailing party under the EAJA. *See Goatcher v. Chater,* 57 F.3d 980, 980–81 (10th Cir. 1995). There is no dispute here that the plaintiff is a prevailing party.

■ The issue is whether the Commissioner's position taken in both the administrative proceedings and the civil action was "substantially justified," as that term is used in the EAJA. The Supreme Court explained "substantially justified" as " 'not justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). This is just another way of saying the Commissioner's position must have a "reasonable basis both in law and fact." *Id.* Though a position can be justified without being correct, a position is not substantially justified unless a reasonable person could think it correct. *Id.* at 566, 108 S.Ct. 2541. "[L]ack of substantial evidence in support of the merits 'does not necessarily mean that the government's position was not substantially justified.' " *Hartter v. Apfel,* 202 F.3d 282, 2000 WL 16323, at *2 (10th Cir. Jan. 11, 2000) (Table) (quoting *Hadden v. Bowen,* 851 F.2d 1266, 1269 (10th Cir.1988)). On the other hand, "substantially justified" plainly means more than "undeserving of sanctions for frivolousness." *Pierce,* 487 U.S. at 566, 108 S.Ct. 2541.

The Commissioner bears the burden of proving her position was substantially justified. *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir.), *cert. denied,* 516 U.S. 806, 116 S.Ct. 49, 133 L.Ed.2d 14 (1995); *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992), *cert. denied,* 509 U.S. 933, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993). The reasonableness test has three components: (1) a reasonable basis for factual allegations; (2) a reasonable legal theory; and (3) a reasonable factual support for the legal theory advanced. *Gutierrez,* 953 F.2d at 585. "In determining whether the Secretary was substantially justified, court should focus on government's position on [the] issue[s] that led to remand rather than on [the] ultimate issue of disability." *Jenkins v. Chater,* 81 F.3d 172, 1996 WL 145677, at *2 (10th Cir. Apr. 1, 1996) (table) (citing *Flores v. Shalala,* 49 F.3d 562,

566, 572 (9th Cir.1995)); *see also Ott v. Chater,* 106 F.3d 414, 1997 WL 26575, at \*2 (10th Cir. Jan. 24, 1997) (Table).

As set out in its prior order, the court remanded the case for the following reasons:

> Accordingly, this case must be remanded for additional proceedings, including further development of the record and findings regarding the onset of the plaintiff's emotional or personality problems; whether daily employment would have aggravated any of her physical or emotional problems in 1992 and whether she could have coped with any aggravated conditions; whether the plaintiff's venous insufficiency was chronic and a pain-producing impairment with and without ulcerations; and whether the course of treatment for plaintiff's venous insufficiency and resulting ulcers (e.g., intermittent elevation of legs, rest, avoidance of extended periods of sitting or standing, and bed rest) would have interfered with her ability to perform other work. In addition, the Commissioner shall make express findings in accordance with *Luna* concerning claimant's claim of disabling pain from her back and circulatory conditions.

(Dk.14, pp. 31–32).

■ The Commissioner has carried his burden of proving that the ALJ's positions on these issues were substantially justified. A reasonable person could think the ALJ acted correctly in minimizing the psychological report from Dr. Whitten. This report was based on an examination conducted more than three years after the claimant's insured status expired. The claimant had not alleged a disabling mental/emotional impairment in her application and had not sought any treatment for any emotional or personality disorder during the relevant period. In fact, she engaged in some activities, like attending college, that suggested her emotional issues had not been interfering seriously with her functioning. Thus, the ALJ had a reasonable basis in fact for finding that the emotional problems manifested themselves only after December 31, 1992.

The ALJ's analysis of the claimant's pain testimony was somewhat superficial. On the other hand, physicians treating the claimant for back pain opined during the relevant period that the claimant could and should work. Some of the other *Luna* factors relevant in evaluating pain testimony also supported the ALJ's conclusion. The court is not of the opinion that the ALJ's analysis of claimant's pain testimony slips below what is reasonable in fact and law.

With respect to the claimant's circulatory problems, the ALJ did rely on Dr. DeMarco's opinion and gave somewhat valid reasons for rejecting Dr. Maben's opinion as being made in 1993 and 1994 and as having an inadequate description of findings. The court's principal criticism here was that the ALJ did not develop the record with respect to these problems. The claimant's attorney also did little at the hearing to develop the record in this area. In short, the court believes a reasonable person could think it correct that the record was sufficient with respect to the circulatory problems.

The court believes it is frequently problematic when an ALJ chooses to compartmentalize medical evidence by the dates of examination without meaningfully analyzing the examinations or other relevant evidence. This case, however, differs noticeably in that some of the more important other evidence from the relevant period actually conflicts with the subsequent examinations. Specifically, not all of the claimant's activities and statements, as well as the medical treatment provided her, sustain the opinions and results drawn from the examinations conducted after the relevant period. In sum, the court be-

lieves the lack of substantial evidence here to sustain the ALJ's different findings does not mean that the ALJ acted without a reasonable basis in law and fact. For all these reasons, the court finds that the Commissioner has carried his burden in proving his position was substantially justified.

IT IS THEREFORE ORDERED that the claimant's application for attorney's fees pursuant to the EAJA (Dk.16) is denied.