**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMASINE ROSS; STANLEY
ROSS; ANJANETTE BITSIE;
PAMINA YELLOWBIRD; JASON
DANIELS; and WETLANDS
PRESERVATION ORGANIZATION
and KANSAS UNIVERSITY
ENVIRONS, Kansas unincorporated
associations,

        Plaintiffs-Appellants,

    v.

FEDERAL HIGHWAY
ADMINISTRATION; DAVID
GEIGER, in his official capacity as
Division Administrator, Federal
Highway Administration; MARK
BUHLER, TOM TAUL, DEAN
NIEDER, in their official capacities as
County Commissioners of Douglas
County, Kansas; and E. DEAN
CARLSON, in his official capacity as
Kansas Secretary of Transportation,

        Defendants-Appellees.

No. 99-3269
(D. Kansas)
(D.C. No. Civ-97-2132-GTV)

---

**ORDER AND JUDGMENT**  *

---

    *This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(continued...)

Before **KELLY** , **ANDERSON** , and **HENRY** , Circuit Judges.

Plaintiffs brought this action seeking declaratory and injunctive relief against the defendant federal and state officials.  They contended that in planning and building a highway near Lawrence, Kansas, defendants failed to comply with the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321-4347.  The district court found in favor of the plaintiffs, and enjoined the defendants from taking any further action on the uncompleted eastern portion of the highway project until the requirements of NEPA had been met.      See Ross v. Federal Highway Administration   , 972 F.Supp. 552, 562-63 (D. Kan. 1997).  This court affirmed that judgment in     Ross v. Federal Highway Administration     , 162 F.3d 1046 (10th Cir. 1998) [hereinafter     Ross II ].  Plaintiffs then filed a motion in the district court for attorneys' fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and Fed.R.Civ.P. 54(d).  The district court denied both fees and costs.  The plaintiffs now appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the judgment of the district court.

I. BACKGROUND

As the facts of this case were described in detail in Ross II, 162 F.3d at 1048-50, we will only briefly recount that background.

In 1986, federal, state, and local officials began to plan the South Lawrence Trafficway, a highway bypass which was supposed to traverse the south side of Lawrence, Kansas. The project was jointly funded under the Federal-Aid Highway Act, 23 U.S.C. §§ 101-189. Most of the highway was constructed and is in use. However, before the eastern portion of the project could be built, a neighboring educational institution (Haskell Indian Nation University), as well as several community groups, raised objections to its location. These objections appeared to necessitate a Supplemental Environmental Impact Statement (SEIS) under NEPA. Instead of completing the SEIS, though, the federal and state highway officials decided to "defederalize" the unbuilt eastern segment of the highway.

Although the federal government had funded a significant percentage of the trafficway's total coast, relatively little federal money had been spent directly on the eastern segment, which was to be primarily paid for by the state. Apparently, federal and state highway officials concluded that the eastern segment could consequently be "defederalized"–i.e. redefined as an independent state project. If the project were thus redefined, NEPA would not apply, and an SEIS would not be required. Accordingly, in early 1997, the Federal Highway Administration

published a notice of its intent to withdraw from both the eastern segment of the project and the SEIS, which would allow the state to proceed with construction.

The plaintiffs then sued, arguing that this defederalization was improper. The district court agreed; it ruled that because all federal appropriations for the trafficway had included the eastern segment in the trafficway's description, the entire project should be considered federal, even if little federal money was actually to be spent on the eastern segment. It therefore enjoined further action on the eastern segment, pending completion of the SEIS. Ross, 972 F.Supp. at 562-63.

On appeal, this court upheld the ruling of the district court, although our rationale was slightly different. We held that by 1997, the "advanced stage" of the bypass collaboration meant "it was simply too late for the state of Kansas to convert the eastern segment into a local project." Ross II, 162 F.3d at 1052-53. Despite the relatively small federal expenditures directly related to the eastern segment, we wrote, "[t]he federal nature of the trafficway was so pervasive that the Kansas authorities could not rid the project of federal involvement simply by withdrawing the last segment of the project from federal funding." Id. at 1053 (citations omitted).

The plaintiffs next filed a motion in the district court for attorneys' fees and costs. The district court denied attorneys' fees against both the federal and

state defendants, and on separate grounds also denied costs.  The plaintiffs now appeal.

II. DISCUSSION

A.  Denial of Attorneys' Fees from Federal Defendants

Under the EAJA, a party that prevails in a civil action against the United States is entitled to fees and other expenses, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  In the present case, the district court found that the government's litigating position was substantially justified.  We review the district court's ruling on this question for an abuse of discretion.   Pierce v. Underwood  , 487 U.S. 552, 562 (1988);   Gilbert v. Shalala , 45 F.3d 1391, 1394 (10th Cir. 1995).

In order to determine whether the federal government's position was substantially justified, a court must ask whether that position was justified "in substance or in the main."   Pierce , 487 U.S. at 564.  A position is substantially justified if it has "a reasonable basis both in law and fact," or is "justified to a degree that could satisfy a reasonable person."   Id. at 565.  Here, the district court found that when the government announced its intent to withdraw from the SEIS,

its position was reasonable, based on "the case law governing in 1997." Aplt's Supp. App. at 22 (District Court Order filed May 24, 1999).

Applying this standard, the district court placed particular weight on Village of Los Ranchos de Albuquerque v. Barnhart, 906 F.2d 1477 (10th Cir. 1990). In Los Ranchos, the federal government had been involved in preparing an environmental impact statement (EIS) for a proposed highway river crossing project in New Mexico. The river crossing project was near another major federal project, a highway interchange, but had been "segmented" from the interchange for funding purposes. Id. at 1482. The federal government withdrew from the river crossing project after completing the EIS, but before construction began; the river crossing was to be funded thereafter by non-federal authorities. Neighbors of the river crossing who were opposed to the project then sued. They argued that the project could not be defederalized for two reasons: because the prior federal involvement with the EIS precluded defederalization, and because the river crossing had been improperly separated from the federal highway interchange project.

This court held that both segmentation and defederalization had been proper. We emphasized that because the federal government's involvement had ended very early in the project, and because the federal monetary contribution had been a very small fraction of the river crossing's expected cost, federal

-6-

involvement was minimal, and defederalization was permissible. Los Ranchos ,

906 F.2d at 1480-82. We also held that segmentation had been proper. "Even if a

local project terminates at a point of juncture with a federally funded project," we

wrote, such a juncture would not "preclude" segmentation of the two projects. Id.

at 1483.

In the present action, the district court emphasized that before our decision

on the merits in this case, Los Ranchos was the controlling case in this circuit. It

found that the Federal Highway Administration

> believed that, under its reading and interpretation of Village of Los Ranchos
> and other federal appellate court case law, the eastern segment of the [South
> Lawrence] trafficway was not a "major federal action" because it was to be
> completed without the use of further federal funds and because the FHWA no
> longer had the authority to exercise control in the planning or construction of
> the segment.

Aplt's Supp. App. at 22. The district court concluded that under Los Ranchos ,

there was a reasonable basis for both the government's action and its litigating

position.

The plaintiffs now argue that even in 1997, the law suggested

defederalization of the eastern segment would be unreasonable. Essentially, the

plaintiffs maintain that Los Ranchos is factually distinct from the Kansas

controversy, making it valueless as precedent. They further contend that all

relevant cases other than Los Ranchos have rejected defederalization.

Our earlier opinion in this case does indeed state that "nothing in Los Ranchos" supports the government's "decision to 'defederalize' the eastern segment of the South Lawrence trafficway." Ross II, 162 F.3d at 1053. The present case, we found, differs "significantly" from the facts in Los Ranchos. Id. It also approves of the cases plaintiffs cited in support of their position, especially Scottsdale Mall v. State of Indiana, 549 F.2d 484 (7th Cir. 1977). In Scottsdale Mall, the state had attempted to defederalize a highway project in order to circumvent NEPA. The Seventh Circuit ruled that because there had been significant federal involvement in all stages of the project prior to the attempted defederalization, the attempt was improper. Id. at 488-90. As a result, plaintiffs urge us to find that the government's position was not substantially justified.

However, under the "abuse of discretion" standard of review, we cannot reverse the district court unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir. 1991). The district court's judgment may only be reversed for an abuse of discretion if it appears "arbitrary, capricious, whimsical, or manifestly unreasonable." FDIC v. Oldenburg, 34 F.3d 1529, 1555 (10th Cir. 1994).

Despite the plaintiffs' contentions and our decision in Ross, the district court's conclusion was neither "whimsical" nor "manifestly unreasonable."

Although Scottsdale Mall supported the plaintiffs' position (and raised questions about the government's), it was not binding authority in this circuit. See Garcia by Garcia v. Miera, 817 F.2d 650, 658 (10th Cir. 1987) (affirming that the decisions of one circuit court of appeals are not binding upon another circuit). In contrast, Los Ranchos, a case from within our circuit, addressed issues of highway segmentation and defederalization and provided some support for the government's contentions.

Here, the district court found that because Los Ranchos appeared to be the most relevant precedent, it was not unreasonable for the Federal Highway Administration to rely upon that case in formulating its arguments. In other words, in order to have a "substantially justified" litigating position, the FHWA need not have predicted or foreseen our decision on the merits here, which followed the reasoning of Scottsdale Mall and distinguished Los Ranchos. This conclusion by the district court was neither "whimsical" nor "manifestly unreasonable." We therefore conclude that the district court did not abuse its discretion in denying the plaintiffs' motion for attorneys' fees. [1]

B. Denial of Costs From All Defendants

---

[1]Because we conclude Los Ranchos provides sufficient support for the district court's ruling, we need not address the relevance of 23 U.S.C. § 145.

Because the plaintiffs did not file a bill of costs within thirty days after the final judgment, as required by the local court rules, the district court denied plaintiffs their costs. <u>See</u> D. Kan. Rule 54.1. Plaintiffs state that while they did not file a bill of costs on the specific form required by the local Kansas rule, they did submit their costs as part of an affidavit for attorneys' fees under the EAJA. This, they propose, "compl[ies] with the intent" of the Kansas rule. Aplt's Br. at 24.

We have on many occasions found that "the district court is entitled to considerable deference in its interpretation and application of its own rules of practice and procedure." <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1447 (10th Cir. 1996). Although we might have held differently (noting the confusion that could have resulted from the EAJA application), under this deferential standard, it was permissible for the district court to find that plaintiffs' affidavit did not sufficiently comply with the local rule requiring a bill of costs.

III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

-10-

Entered for the Court,

Robert H. Henry
Circuit Judge