Anthony J. **CELEBREZZE**, Secretary of Health, Education and Welfare, Appellant,

v.

James P. **HUDGINS**, Appellee.

No. 21716.

United States Court of Appeals Fifth Circuit.

May 26, 1965.

114

Florence Wagman Roisman, Marilyn S. Talcott, Sherman L. Cohn, Attys., Dept. of Justice, John W. Douglas, Asst. Atty. Gen., Macon L. Weaver, U. S. Atty., Washington, D. C., for appellant.

James L. Shores, Jr., Birmingham, Ala., J. Thomas King, Birmingham, Ala., of counsel, for appellee.

Before WOODBURY,* WISDOM, and BELL, Circuit Judges.

PER CURIAM:

█ In October 1962 James P. Hudgins, the claimant, filed an application with the Department of Health, Education and Welfare seeking to establish a period of disability and to collect insurance benefits under the provisions of Title II of the Social Security Act, 42 U.S.C. § 401ff. After several administrative hearings, including a hearing before an examiner, the Hearing Examiner denied Hudgins's application. The Appeals Council, Bureau of Hearings and Appeals, declined to review the decision of the Hearing Examiner. Hudgins filed suit in the United States District Court for judicial review of the decision of the Hearing Examiner. The Secretary, who had been made a party to the suit, moved that the district court remand the case to the department for the taking of further evidence. After receiving additional evidence, the Hearing Examiner again denied Hudgins's application and the Appeals Council rendered a decision affirming the Hearing Examiner. Thereupon the decision of the Appeals Council became the "final decision" of the Secretary.

█ In the opinion below, the district court noted that it had "carefully reviewed" the record in this case, including a 215-page transcript, the pleadings, and "very able briefs filed by both parties". The court concluded that the decision of the Secretary was not supported by substantial evidence and should be reversed. This Court, too, has carefully reviewed the record and briefs. There is little, if anything, that we can add to the opinion of the district court. The judgment is affirmed.

* Of the First Circuit, sitting by designation.