**Lola Mae SHEPPEARD,**
**Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of**
**Health & Human Services,**
**Defendant-Appellee.**

**No. 84–8857.**

United States Court of Appeals,
Eleventh Circuit.

May 21, 1985.

Kenneth G. Levin, Atlanta, Ga., for plaintiff-appellant.

Amy D. Levin, V. Anne Edwards, Asst. U.S. Attys., Atlanta, Ga., for defendant-appellee.

Before FAY and ANDERSON, Circuit Judges, and GIBSON *, Senior Circuit Judge.

PER CURIAM:

This is a Social Security disability case in which the Secretary determined that there had been an overpayment of benefits to the

---

* Honorable Floyd R. Gibson, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

claimant. The basis for the overpayment decision was that the claimant had entered into a common-law marriage under the law of Georgia, and that her common-law husband's income was therefore attributable to her. Claimant challenges the Secretary's finding that a common-law marriage exists and, having exhausted her administrative remedies, an action for review was brought in federal district court. The district court upheld the decision of the Secretary and claimant appeals.

 We affirm that part of the district court's order upholding the finding of the Secretary that a valid common-law marriage existed and that claimant had therefore received an overpayment.[1] We vacate, however, that part of the order which addresses the issue of waiver. The question of waiver was never raised or argued by the claimant. It was therefore improper for the Administrative Law Judge to consider that issue, and likewise improper for the district court to concur in the Administrative Law Judge's finding that claimant was at fault and thus not entitled to a waiver. In fact both the Appeals Council and the federal magistrate recognized that waiver was not in issue. Because the decision of the Appeals Council is in effect the final decision of the Secretary, *see e.g. Wiggins v. Schweiker*, 679 F.2d 1387, 1388 (11th Cir.1982), it was both improper and inconsistent for the Secretary to urge the district court to affirm that which the Appeals Council had already ruled was not in issue.

AFFIRMED in part, VACATED in part.

---

**1.** We do so without an opinion under Circuit Rule 25.