Guiseppe AVERSA, Plaintiff,

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant.**

Civ. A. No. 86–3276.

United States District Court,
D. New Jersey.

March 2, 1987.

Robert A. Petruzzelli, Jacobs & Schwalbe, Voorhees, N.J., for plaintiff.

Thomas W. Greelish, U.S. Atty. by Faith Steinberg, Asst. U.S. Atty., Newark, N.J., for defendant.

## OPINION

RODRIGUEZ, District Judge

This case is before the court on the motion of defendant, the Secretary of Health and Human Services ("the Secretary"), to dismiss under Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted).

### I

Plaintiff Guiseppe Aversa filed an application for disability benefits on August 4, 1983 alleging that he had become disabled on September 2, 1977. This application was denied, and plaintiff did not appeal this denial. Plaintiff again applied for benefits on September 18, 1984. This application was denied both initially and upon reconsideration. An Administrative Law Judge ("ALJ") dismissed plaintiff's request for a hearing on April 4, 1986, stating that "The determination, issued on September 20, 1983 by the Social Security Administration, has become final and binding on the issue of 'disability' through August 4, 1983." Plaintiff then sought review of the ALJ's decision by the Appeals Council and submitted additional evidence in support of his claim. By letter of June 19, 1986 the Appeals Council denied plaintiff's request for review of the ALJ's dismissal of plaintiff's hearing request. The letter stated that the Appeals Council had carefully considered plaintiff's counsel's contentions as well as the additional evidence that had been submitted. The letter further stated that "the Appeals Council believes that the evidence submitted with your request for review is new, but it does not materially alter the ALJ's finding that you were not disabled

prior to August 4, 1983." Plaintiff filed an action in this court on June 19, 1986 seeking reversal of the Secretary's decision and an award of disability benefits.

Defendant advances two arguments in support of its motion. First, it contends that the Secretary's initial denial of benefits constitutes administrative *res judicata* with respect to plaintiff's claimed disability as of September 2, 1977 and that the Secretary's refusal to grant a hearing with respect to this claim is not reviewable by this court. Second, defendant argues that dismissal of a hearing request is not a final decision of the Secretary within the meaning of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), that § 205(g) provides the exclusive method of judicial review of the Secretary's decisions, and that this court is therefore without jurisdiction over the action.

Plaintiff argues that he has never had a hearing on his claim for benefits, that *res judicata* is only applicable to proceedings of an adjudicative nature, and that *res judicata* can therefore not be applied to plaintiff's claim for relief. He argues that the application of *res judicata* to bar his claim would deny him his constitutional right to due process of law. He asserts that, in any event, defendant waived *res judicata* when an HHS employee informed him that he could re-apply for benefits when he was no longer receiving Federal Worker's Compensation benefits. Plaintiff contends also that the Appeals Council actually reconsidered the merits of his claim and that this reconsideration amounts to a *de facto* reopening of the claim, subjecting it to judicial review.

### II

Section 205(g) of the Act provides in part that "any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days...." While this section provides the mechanism for obtaining judicial review of final decisions of the Secretary, it does not provide any guidance as to when a decision of the Sec-

retary is final, and thus subject to review. Section 205(a) of the Act confers the power and authority on the Secretary to make rules and regulations and to establish procedures, not inconsistent with the provisions of Title II of the Act, which are necessary or appropriate for carrying out those provisions. Pursuant to this authority, the Secretary has promulgated a series of regulations, codified in 20 C.F.R. Ch. III, Part 404, to provide for the determination of the eligibility of claimants for benefits under Title II, as well as the procedures by which the decisions of the Secretary become final within the meaning of § 205(g).

■ 20 C.F.R. § 404.957(c) authorizes the Secretary to dismiss a request for a hearing where the ALJ

> decides that there is cause to dismiss a hearing request ... because—(1) The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination has become final by either administrative or judicial action;....

A determination becomes final either when *res judicata* is properly invoked after a hearing, *see Coulter v. Weinberger*, 527 F.2d 224 (3d Cir.1975), or when the Appeals Council affirms a decision of the ALJ, or denies a request for review of a decision of the ALJ. See *Rankin v. Heckler*, 761 F.2d 936, 941 (3d Cir.1985); *Celebrezze v. Hudgins*, 346 F.2d 113, 114 (5th Cir.1965); *Baker v. Gardner*, 362 F.2d 864, 865 (3d Cir. 1966).

■ *Res judicata* effect is only to be accorded to a decision of the Secretary which is adjudicative in nature, i.e. where the decision is rendered after a full and fair hearing, similar to that which would result from a court proceeding. *Delamater v.*

*Schweiker*, 721 F.2d 50, 53 (2d Cir.1983); *Stuckey v. Weinberger*, 488 F.2d 904, 910 (9th Cir.1973). An exception to this rule exists where a claimant has failed to pursue his administrative appeals and has not presented new facts in his subsequent application for benefits. *Thompson v. Schweiker*, 665 F.2d 936, 940 (9th Cir.1982). Where the doctrine of *res judicata* is properly invoked by the Secretary, that decision constitutes a final order within the meaning of Section 205(g) and may be reviewed by the district court. *See Coulter v. Weinberger*, 527 F.2d 224, 228 (3d Cir.1975). It follows that where *res judicata* is not properly invoked, its application by the Secretary does not constitute a final order within the meaning of Section 205(g).[1]

■ Here the ALJ applied *res judicata* to dismiss plaintiff's request for a hearing, even though the initial determination denying plaintiff benefits was not a final decision since it was not adjudicative in nature. This was improper under the regulation.

Plaintiff's failure to request reconsideration of the initial determination did not make the determination final. HHS informed plaintiff in its September 20, 1983 letter, that if he did not request reconsideration of his case within the prescribed time period, he could still file another application at any time. Plaintiff was led to believe that he would not be prejudiced if he did not request reconsideration of the initial determination. The ALJ then used this determination, made without a hearing, as grounds for denying plaintiff's request for a hearing based on the doctrine of *res judicata*. Failure to afford plaintiff a hearing before depriving him of a recognized property interest[2] deprived him of due process of law. *See Dealy v. Heckler*, 616 F.Supp. 880 (W.D.Mo.1984).

---

1. As discussed *infra,* this impediment to "finality" was overcome when the Appeals Council considered and denied plaintiff's request for review.

2. *See Atkins v. Parker,* 472 U.S. 115, 105 S.Ct. 2520, 2529, 86 L.Ed.2d 81 (1985) (Food stamp benefits are a matter of statutory entitlement for persons qualified to receive them and are appropriately treated as a form of property pro-

tected by the Due Process Clause); *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) ("The recipients [in *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) ] had not yet shown that they were, in fact, within the statutory terms of eligibility. But we held that they had a right to a hearing at which they might attempt to do so.").

## III

Further evidence that *res judicata* was misapplied by the ALJ appears in both the Act and the regulations. Section 205(h) provides that "The findings and decision of the Secretary *after a hearing* shall be binding upon all individuals who were parties to such hearing." (emphasis added). 20 C.F.R. § 404.955 provides that:

The decision of the administrative law judge is binding on all parties *to the hearing* .... (emphasis added).

It is clear that absent a knowing and voluntary waiver of a hearing by the claimant, the Secretary's decision and the ALJ's decision are only binding, and can only support the application of *res judicata*, where a hearing has been held.

20 C.F.R. § 404.948 sets forth the circumstances where it is appropriate for the ALJ to issue a hearing decision without holding a hearing:

If the evidence in the hearing record supports a finding in favor of you and all the parties on every issue, the administrative law judge may issue a hearing decision without an oral hearing.

This was obviously not the case with plaintiff's claim. Thus, under the circumstances of plaintiff's case it was improper for the ALJ to issue a decision without holding a hearing.

Defendant also argues that there has been no final decision of the Secretary conferring jurisdiction upon this court to review the determination. Section 205(g) of the Act provides in part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action....

As already indicated, the Secretary, by the authority conferred upon him by § 405(a), has promulgated regulations for carrying out the provisions of Title II. As is explicitly stated in § 405(a), rules and regulations made by the Secretary may not be "inconsistent with the provisions of [Title II]."

When plaintiff received the decision of the ALJ dated April 4, 1986 he requested the Appeals Council to review the decision. When this is done, the Appeals Council, under 20 C.F.R. § 404.967, may deny or dismiss a request for review, or it may grant the request and either issue a decision or remand the case to the ALJ.

Defendant argues that Appeals Council dismissal of a hearing request is not a final decision of the Secretary. While there is authority to support this proposition, an examination of the decision of the Appeals Council shows that the Council did not dismiss plaintiff's request but instead denied it.

20 C.F.R. § 404.971 sets forth the circumstances under which a request for review will be dismissed. It is confined to circumstances brought about by the dilatoriness, desire, or death of the claimant. 20 C.F.R. § 404.972 provides that dismissal of a request for Appeals Council review is binding and not subject to further review. The extent to which this provision would withstand constitutional scrutiny in the absence of a hearing is not presently at issue. In any event, the Appeals Council did not dismiss plaintiff's claim.

20 C.F.R. § 404.970 provides in relevant part:

(b) If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record. It will then review the case *if* it finds that the Administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently in the record. (Emphasis added).

The inconsistency incorporated within this subsection becomes fairly obvious from a simple reading of the subsection, for the Appeals Council would need to review the case simply in order to find whether the ALJ's decision is contrary to the weight of the evidence currently in the record. Indeed, the letter of June 19, 1986 informing plaintiff of the Appeals Council's action on his request for review states that the Council has "carefully considered the ... additional evidence submitted...." The Council found that the evidence was new, but that it did not materially alter the ALJ's

finding that plaintiff was not disabled prior to August 4, 1983. In order to do this, the Council would have had to review the ALJ's findings as well as the new evidence.

■ It is therefore apparent that the Appeals Council reviewed plaintiff's claim without adhering to the procedures set forth in 20 C.F.R. §§ 404.973 through 404.-976, applicable to Appeals Council review. Assuming that a case is properly before the Appeals Council, the Council's denial of a request for review is binding unless the claimant files a timely action in federal district court. 20 C.F.R. § 404.981. An Appeals Council's denial of a request for review constitutes a final decision of the Secretary and confers jurisdiction on the district court under § 205(g) of the Act. *Baker v. Gardner*, 362 F.2d 864, 865 (3d Cir.1966); *Livingstone v. Folsom*, 234 F.2d 75, 76 (3d Cir.1956). Even so, we are faced here with the peculiar situation where the case should not have been addressed by the Appeals Council without a hearing having been held by the ALJ. However, since the Appeals Council did address the case and denied plaintiff's request for review, this was sufficient to result in a "final" decision of the Secretary for the purpose of conferring jurisdiction on the district court, even though the ALJ's decision was not "final" for *res judicata* purposes because it was made without a hearing. Because this entitlement to a hearing is of constitutional dimensions, this court believes that the case should be remanded to the ALJ so that a hearing can be held.

Therefore, it is the order of this court that the case be remanded to the Appeals Council, which is instructed to remand the case to the ALJ with an order to hold a hearing considering all of the evidence which plaintiff has presented.