Robert J. WYSOCKI, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary, Health and Human Services, Defendant.

No. CV 90–4702–(E).

United States District Court, C.D. California.

April 9, 1991.

**694**

Lawrence D. Rohlfing, Santa Fe Springs, Cal., for plaintiff.

Lourdes G. Baird, U.S. Atty., Leon Weidman, Asst. U.S. Atty., Chief, Civil Div., and James R. Sullivan, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## OPINION AND ORDER OF REMAND

CHARLES F. EICK, United States Magistrate Judge.

IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions are denied and this case is remanded to the Secretary of Health and Human Services ("Secretary") for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a "Complaint for Review of the Proceedings of the Secretary of Health and Human Services" on August 30, 1990. Plaintiff filed a Motion for Summary Judgment on January 28, 1991. Defendant filed a Cross–Motion to Dismiss or for Summary Judgment on February 26, 1991. The parties consented to proceed before a United States Magistrate Judge on March 29, 1991. The Court heard oral argument on April 5, 1991.

## BACKGROUND

Plaintiff applied to the Secretary for disability benefits, alleging a disability onset of March 9, 1987 (Administrative Record ("A.R.") 62). The Secretary denied Plaintiff's claim initially and on reconsideration (A.R. 83–89). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") (A.R. 111).

The ALJ issued a "Request for DDS Assistance" in which the ALJ listed Plaintiff's "alleged onset date" as "8/29/86 or 3/9/87" (Exhibit 1 to Plaintiff's motion). Although Plaintiff intended to claim the earlier onset date, counsel for Plaintiff refrained from amending formally the onset date specified in the original application because: (1) the "Request for DDS Assistance" indicated to him the ALJ already was considering the earlier onset date; and (2) counsel intended to amend the onset date through Plaintiff's testimony at the anticipated oral hearing.

The ALJ issued a decision without an oral hearing (A.R. 37–40). The decision found Plaintiff disabled as of March 9, 1987. The ALJ rendered this decision pursuant to 20 C.F.R. § 404.948(a), which provides:

"If the evidence in the hearing record supports a finding in favor of you and all the parties on every issue, the administrative law judge may issue a hearing decision without holding an oral hearing. However, the notice of the decision will inform you that you have the right to an oral hearing and that you have the right

to examine the evidence on which the decision is based."

Contrary to section 404.948(a), the notice of the ALJ's decision did not inform Plaintiff of his right to an oral hearing (A.R. 36). The notice advised Plaintiff to seek review before the Appeals Council. *Id.*

Shortly after receiving the ALJ's decision, counsel for Plaintiff sent a letter to the ALJ (A.R. 305–306). The letter requested a finding that disability commenced on August 29, 1986 (A.R. 306). The letter also offered to "pursue the normal avenues of review" if the ALJ declined to amend his decision. *Id.*

The ALJ evidently treated this letter as a request for Appeals Council review. The Appeals Council denied review, after considering and rejecting the merits of Plaintiff's argument for an August 29, 1986 onset date (A.R. 3–4).

The Appeals Council did not inform Plaintiff of his right to an oral hearing. On the contrary, the Appeals Council advised Plaintiff: "If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court ..." (A.R. 4).

## PARTIES' CONTENTIONS

Plaintiff contends the Court should remand the case for an oral hearing. Plaintiff submits the appropriate disability onset date cannot be determined without Plaintiff's testimony. Plaintiff contends the deprivation of an oral hearing violated due process.

The Secretary contends: (1) the Court lacks subject matter jurisdiction because no oral hearing took place; (2) the action is moot because Plaintiff has received all of the relief he sought in his original administrative application; (3) Plaintiff waived his right to contend for an earlier onset date by failing to present the matter to the

Secretary until after the ALJ's decision; and (4) substantial evidence supports a March 9, 1987 onset date.

## DISCUSSION

I. *The Court Has Subject Matter Jurisdiction.*

■ Section 405(g) of Title 42 provides: "Any individual, after any *final decision of the Secretary made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ..." (emphasis added) [1]

Judicial review under section 405(g) generally is available only where "a claim for benefits [has] been presented to the Secretary" and "the administrative remedies prescribed by the Secretary [have been] exhausted." *Mathews v. Eldridge,* 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976). Plaintiff has satisfied both requirements. Plaintiff presented to the ALJ a claim for disability benefits and presented to the Appeals Council a specific claim for an August 29, 1986 onset date. Plaintiff has exhausted administrative remedies in the sense that no administrative remedies remain open to him.[2]

Section 405(g) of Title 42 does not define the key phrase: "final decision of the Secretary made after a hearing." The meaning of this phrase "is left to the Secretary to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 766–67, 95 S.Ct. 2457, 2467–68, 45 L.Ed.2d 522 (1975). The Secretary's regulations characterize the type of decision rendered in the present case as "a *hearing* decision." 20 C.F.R. § 404.948(a) (emphasis added). The Secretary's regulations also provide: "After a request for a hearing is made, you [meaning the claimant and certain others] are parties to the hearing." 20 C.F.R. § 404.932(b). Plaintiff requested a "hearing" prior to the ALJ's decision (A.R. 111).

---

1. Section 405(h) of Title 42 states: "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or government agency except as herein provided."

2. Plaintiff did not file a new application seeking benefits commencing August 29, 1986 for fear the Secretary would raise the bar of administrative *res judicata* based on the decision under review.

These regulations confirm Plaintiff is an individual authorized by section 405(g) to commence a civil action in federal court. A contrary conclusion would insulate from judicial review all section 404.948(a) "hearing decisions." Legitimate disputes may arise concerning whether particular section 404.-948(a) decisions included "finding[s] in favor of [the claimants] on every issue." 20 C.F.R. § 404.948(a). It seems unlikely Congress intended to exempt these disputes from judicial review. There exists a "strong presumption that Congress intends judicial review of administrative action." *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670, 106 S.Ct. 2133, 2135, 90 L.Ed.2d 623 (1986). The Secretary has failed to introduce "clear and convincing evidence of a contrary legislative intent." *Id.* at 671, 106 S.Ct. at 2136.

The fact that no *oral* hearing took place is not decisive. As suggested by the Secretary's regulations, the statutory term "hearing" cannot be equated with "oral hearing" in this context. 20 C.F.R. §§ 404.948(a), 404.932(b); *see Aversa v. Secretary*, 672 F.Supp. 775, 779 (D.N.J. 1987) (jurisdiction upheld where Appeals Council addressed the merits of a disability case in the absence of an oral hearing); *see also United States v. Florida East Coast Railway Co.*, 410 U.S. 224, 241–42, 93 S.Ct. 810, 819–20, 35 L.Ed.2d 223 (1973) (statutory "hearing" requirement fulfilled in the absence of an oral hearing); *Railroad Commission v. United States*, 765 F.2d 221, 227–28 (D.C.Cir.1985) (statutory "hearing" does not mean a trial-type hearing on the record).[3]

## II. *This Action is Not Moot.*

 An action is moot where the plaintiff already has received all of the relief which would result from a favorable court ruling. *See DeFunis v. Odegaard*, 416 U.S. 312, 319–20, 94 S.Ct. 1704, 1707–08, 40 L.Ed.2d 164 (1974). In the present action, a favorable court ruling would remand the matter for further administrative proceedings, including the oral hearing Plaintiff has not yet received. Therefore, this action is not moot.

## III. *Plaintiff Did Not Waive His Right To Contend For The Earlier Onset Date.*

 "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 399 (9th Cir.1988). The record is insufficient to demonstrate an intentional relinquishment of Plaintiff's right to contend for the earlier onset date.

Social Security Ruling 83–20 states: "A change in the alleged onset date may be provided in ... the claimant's testimony at a hearing." The Secretary never afforded Plaintiff the opportunity to testify at an oral hearing. Plaintiff's decision to await the expected oral hearing before amending the onset date did not betray an intentional relinquishment of his right to contend for the earlier date.[4]

## IV. *This Action Must Be Remanded For An Oral Hearing At Which Plaintiff May Testify Concerning The Earlier Onset Date.*

 The Court may order the Secretary to take additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Plaintiff's testimony concerning the onset of his disability obviously is "material." *See* SSR 83–20. The testimony is "new" in the sense that comparable evidence cannot be found within the present administrative record. For the reasons discussed below, the Court finds there is "good cause" for Plaintiff's failure previ-

---

**3.** The Court has jurisdiction over certain constitutional claims arising from social security administrative proceedings. *Mathews v. Eldridge, supra,* 424 U.S. at 330–32, 96 S.Ct. at 900–01. In view of the Court's statutory construction, however, the Court need not evaluate this alleged basis for jurisdiction.

**4.** Plaintiff also refrained from amending formally the onset date in reliance upon the ALJ's "Request for DDS Assistance" (Exhibit 1 to Plaintiff's motion). This document arguably suggested the ALJ already was considering the earlier onset date. *Id.*

ously to incorporate his testimony into the administrative record.

Plaintiff requested and reasonably expected a hearing at which he would be permitted to testify concerning the onset of his disability (A.R. 111). An oral hearing did not take place because the ALJ exercised his option to award benefits under 20 C.F.R. § 404.948(a).

The notice of the ALJ's decision erroneously failed to inform Plaintiff of his right to a post-decision oral hearing. 20 C.F.R. § 404.948(a); A.R. 36. In fact, the notice accompanying the ALJ's decision and the notice accompanying the Appeals Council's decision affirmatively misled Plaintiff into believing his only remedies consisted of Appeals Council review and federal court action, respectively (A.R. 36, 4). The Secretary's violation of his own regulations and the misleading nature of the notices excused Plaintiff's failure to request a post-decision oral hearing.[5] These circumstances furnish good cause for Plaintiff's failure previously to incorporate his testimony into the administrative record.[6]

---

**5.** The Court need not and does not decide whether the Secretary's violation of section 404.948(a)'s notice requirement deprived Plaintiff of due process. *See Lyng v. Northwest Indian Cemetery Protective Association,* 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them").

**6.** Nothing in this Opinion is intended or should be construed as a comment upon either party's substantive contention regarding the appropriate disability onset date.