[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2002
THOMAS K. KAHN
CLERK

—————————————

No. 00-16212

—————————————

D. C. No. 99-00039-CV-1-SPM

TERRY D. LOUDERMILK,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, Commissioner of the
Social Security Administration,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Northern District of Florida

—————————————

**(May 7, 2002)**

Before EDMONDSON, HILL and LAY[*], Circuit Judges.

PER CURIAM:

---

[*]Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Terry D. Loudermilk filed an application for disability insurance benefits in July 1983. The Commissioner of the Social Security Administration denied benefits on October 26, 1983. Loudermilk then requested reconsideration, which was denied on February 15, 1984. The Commissioner's Notice of Reconsideration stated:

> If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge . . . . If you want a hearing, you must request it not later than 60 days from the date you receive this notice . . . .

> If you do not request a hearing of your case within the prescribed time period, you still have the right to file another application at any time.

Loudermilk did not request a hearing or take further action until 1988.

In 1988, Loudermilk filed a second application for disability insurance benefits. An administrative law judge ("ALJ") found Loudermilk disabled as of January 1982. Yet, the ALJ found Loudermilk's entitlement began as of June 1987, twelve months prior to the date of his second application. See 20 C.F.R. §§ 404.315, 404.320 (2001).

Loudermilk subsequently filed a request for reconsideration claiming his entitlement month should begin as of January 1982. In order to have his entitlement begin in 1982, Loudermilk's first application, dated July 1983, needed to be reopened. In his motion for reconsideration, Loudermilk stated he "was under a mental disability

2

during the sixty day period after [the receipt of the Notice of Reconsideration] such that he was mentally unable to take steps to appeal the denial of benefits . . . ."

In 1990, Loudermilk filed a Request for Hearing. The ALJ dismissed Loudermilk's request because it was filed more than sixty days after he was deemed to have received confirmation of his entitlement month. The ALJ also denied his request to reopen his initial application, made by letter, because it was filed more than four years after his determination became final.

In 1995, Loudermilk's representative requested his initial application be reopened pursuant to Social Security Ruling 91-5p because he had been unable to timely pursue his appeal of the prior claim due to mental illness. This was followed by a formal Request for Reconsideration. The ALJ found that no basis existed to reopen the ALJ's prior order of dismissal dated September 27, 1990, or its underlying final reconsidered determination dated January 19, 1990. Loudermilk's representative then appealed this decision, which the Appeals Council of the Social Security Administration subsequently dismissed because there had been no decision or dismissal order issued by the ALJ.

An Appeals Council Judge determined that Loudermilk was due a formal determination on the issue of whether new and material evidence established that he was prevented from timely pursuing his appeal of his initial application because of

mental incapacity. A hearing on this issue led to an ALJ finding that Loudermilk was not mentally impaired during the relevant appeal period on his first application, therefore, the reconsideration determination dated February 15, 1984, could not be reopened and revised. The Appeals Council affirmed the ALJ's decision.

Loudermilk then filed a civil action in the United States District Court for the Northern District of Florida. For the first time, Loudermilk asserted that the notice provision of the reconsideration of his initial application, dated February 15, 1984, violated his Fifth Amendment due process rights because it did not advise him of the consequences of choosing to file a new application rather than appealing the reconsideration determination.[1] The district court dismissed Loudermilk's case for lack of subject matter jurisdiction because he failed to show detrimental reliance on the notice provision contained in the Notice of Reconsideration. Loudermilk appealed. We affirm.

## Analysis

Generally, courts do not have jurisdiction over the Commissioner's decision not to reopen a claim since such a refusal is not a final decision within the meaning of 42 U.S.C. § 405(g). Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996); Stone v.

---

[1]The Supreme Court has held that a Social Security claimant's failure to raise an issue at the administrative level does not deprive a court of jurisdiction to consider the issue when it is raised for the first time during judicial proceedings. Sims v. Apfel, 530 U.S. 103 (2000).

<u>Heckler</u>, 778 F.2d 645, 646-47 (11th Cir. 1985). Yet, subject matter jurisdiction to review the Commissioner's decision not to reopen a prior application exists in two limited circumstances: (1) a colorable constitutional claim is raised; or (2) the decision is reconsidered to any extent at any administrative level. <u>Sherrod</u>, 74 F.3d at 245; <u>Jones v. Dep't of Health and Human Servs.</u>, 941 F.2d 1529, 1533 (11th Cir. 1991).

Loudermilk contends the initial application should be opened because a colorable constitutional claim is raised: the notice contained in the original Notice of Reconsideration denied him his Fifth Amendment right to due process.[2] An examination as to whether a colorable constitutional claim is raised in the present situation involves a two-pronged analysis: (1) whether the notice was defective; and (2) if the notice is defective, whether the claimant's procedural due process rights

---

[2]Loudermilk also made an argument that relies on the Social Security Acquiescence Ruling 92-7(9). The ruling recognizes the Ninth Circuit's holding in <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197 (9th Cir. 1990). In <u>Gonzalez</u>, the court held a claimant need not show detrimental reliance when asserting a violation of the claimant's right to due process based on defective notice. <u>Id.</u> Loudermilk contends the ruling, which is applicable to those who reside in Alaska, Arizona, California, Guam, Hawaii, Idaho, Montana, Nevada, Northern Mariana Islands, Oregon, or Washington, violates his constitutional right of equal protection because the "regulation creates a dual status wherein claimants in the 9th Circuit have rights pursuant to an agency ruling denied to all other Americans." AR 92-7(9) is not applicable because Loudermilk does not reside within one of the aforementioned states or territories. <u>See</u> <u>Torres v. Shalala</u>, 48 F.3d 887, 890-91 (5th Cir. 1995). The ruling only recognizes, in accord with 20 C.F.R. § 404.985 (b) (2001), determinations and decisions within the circuit that issued the holding that conflicted with the Commissioner's interpretation of the Social Security Act or regulations. Thus, Loudermilk's equal protection claim based upon AR 92-7(9) is without merit.

were violated.   See Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995); Day v. Shalala, 23 F.3d 1052, 1065-66 (6th Cir. 1994); Burks-Marshall v. Shalala, 7 F.3d 1346, 1349-50 (8th Cir. 1993); Gonzalez v. Sullivan, 914 F.2d 1197, 1203 (9th Cir. 1990).

The courts of the circuits, which have addressed whether the notice given in this case or similar such notices are defective, are all in accord:  the notice is defective because the Social Security claimant is not properly apprised of the res judicata effect of filing a new petition rather than appealing the initial, negative decision.  See, e.g., Gilbert, 45 F.3d at 1394; Day, 23 F.3d at 1065-66; Burks-Marshall, 7 F.3d at 1349; Gonzalez, 914 F.2d at 1203; see also Aponte v. Sullivan, 823 F. Supp. 277 (E.D. Pa. 1993); Christopher v. Sec'y of Health and Human Servs., 702 F. Supp. 41 (N.D. N.Y. 1989); Butland v. Bowen, 673 F. Supp. 638 (D. Mass. 1987); Aversa v. Sec'y of Health and Human Servs., 672 F. Supp. 775 (D. N.J. 1987); Dealy v. Heckler, 616 F. Supp. 880 (W.D. Mo. 1984).

Since the notice is defective, the second prong, whether the defective notice violates the claimant's procedural due process rights, must be addressed.  Loudermilk, relying upon the Ninth Circuit's decision in Gonzalez, asserts "the aforesaid violation of the constitution by the Social Security Administration is in and of itself enough to require a remand."  In Gonzalez, the court addressed a Fifth Amendment due process

6

claim stemming from a notice provision identical to the one before this court. The court held "[t]he notice given in this case does not clearly indicate that if no request for reconsideration is made, the determination is final. We conclude that the notice violates appellant's fifth amendment right to due process." Gonzalez, 914 F.2d at 1203.

In Lujan v. Defenders of Wildlife, the Supreme Court held there must be a causal connection between the injury and the complained of conduct. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Simon v. E. Kentucky Welfare Rights Org., 426 U.S. 26, 41-42 (1976). All the circuit courts considering the Social Security determination notice issue, with the exception of the Ninth Circuit, require a causal connection, following the Supreme Court's dictate in Lujan. In implementing this requirement, the courts hold the claimant must have detrimentally relied upon the notice. See Torres v. Shalala, 48 F.3d 887, 893 (5th Cir. 1995); Gilbert, 45 F.3d at 1394; Day, 23 F.3d at 1065-66; Burks-Marshall, 7 F.3d at 1349-50; but cf. Gonzalez, 914 F.2d at 1203. We find the reasoning and, therefore, the test employed by the majority of the circuits more persuasive in light of the teachings of Lujan.

In the context of a similar defective notice, detrimental reliance has been defined as:

7

A claimant relied to his or her detriment on the inadequate notice if he or she was denied benefits at the reconsideration level then received the inadequate notice, and thereafter filed a new application rather than continuing the appeal process, and then were [sic] presented by the [Commissioner] with a claim of *res judicata* or received less in retroactive benefits than he or she would have had had they successfully appealed initially.

Day, 23 F.3d at 1066 (internal footnote omitted); see also Torres, 48 F.3d at 893 (finding the claimant "has not shown any causal connection between the allegedly misleading language in the first two notices and his subsequent failure to seek judicial review"); Burks-Marshall, 7 F.3d at 1349-50 ("[Claimant] has not shown that the alleged deficiency in the notice had any connection in fact with her own failure to seek review of the two early denials. . . . [Claimant] does not say that after reading the notice she understood it to mean that she could apply again at any time for benefits for the periods involved in her denied claims, and that, for that reason, she decided to forego further review at the time.").

Detrimental reliance does not exist in the present dispute. No reliance has been demonstrated, save the bald assertion of reliance by Loudermilk's counsel. Contrary to this assertion, Loudermilk testified at length that his failure to follow through with the initial application was due to his mental condition,[3] which by implication, means

---

[3]Loudermilk was adjudged to be competent and not under any significant mental disability at the relevant time. Loudermilk has not challenged this finding.

Loudermilk could not have relied upon the defective notice. If Loudermilk had in fact been mislead by the notice, he would have requested a hearing or filed a new application within a reasonable time after receipt of the defective notice. Instead, Loudermilk waited more than four years before filing the second application. Thus, Loudermilk did not rely, to his detriment, upon the defective notice received in the Notice of Reconsideration dated February 15, 1983.

## Conclusion

Although the notice received by Loudermilk was defective, this court cannot exercise subject matter jurisdiction because there has been no showing of detrimental reliance on the defective notice by Loudermilk.

AFFIRMED.