[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11992

Non-Argument Calendar

————————————————

TINA KIMBRIL,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:20-cv-02066-RDP

————————————————

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Tina Kimbril appeals the district court's order affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of her March 2019 application for supplemental security income ("SSI"), under 42 U.S.C. § 405(g) and § 1382(c)(3), and dismissal for lack of subject-matter jurisdiction of her additional claim concerning reopening a prior Social Security Administration ("SSA") October 2016 determination. She also appeals the district court's denial of her Federal Rule of Civil Procedure Rule 59(e) motion to alter judgment, in which she challenged the court's dismissal of her reopening claim.

On appeal, Kimbril does not raise any argument with respect to the Commissioner's finding that she was not disabled based on her March 2019 SSI application. She argues only that the Administrative Law Judge ("ALJ") failed to address her request to reopen the October 2016 determination. She clarifies that her "implied argument" for reopening that prior determination was that the SSA had erroneously terminated her SSI benefits without a finding of medical improvement. She further argues that her reopening request is reviewable based on a colorable constitutional claim relating to a lack of constitutionally appointed ALJs in October 2016 to undo the improper termination of her benefits. She concedes that she did not fully exhaust her administrative remedies, but, relying primarily on Supreme Court decisions in *Carr v. Saul*, 141 S. Ct.

1352 (2021), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), and a nonbinding decision in *Shrader v. Harris*, 631 F.2d 297 (4th Cir. 1980), she argues that her alleged request to reopen is, nonetheless, reviewable.

We review the decision of the district court as to its subject-matter jurisdiction *de novo*. *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996). A district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only "after any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003). The Act does not define "final decision," but instead leaves it to the Commissioner to give meaning to that term through regulations. *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *see also* 42 U.S.C. § 405(a). Under the regulations, a final decision for § 405(g) purposes occurs after a claimant has completed all steps of the administrative review process, including seeking an initial determination, a reconsideration determination, a hearing decision by an ALJ, and discretionary review by the Appeals Council. *See* 20 C.F.R. § 404.900(a)(1)-(5); *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (explaining that the regulations "specify that the finality required for judicial review is achieved only after the further steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council").

The denial of a request to reopen a prior final and binding determination, however, is not subject to the administrative

review process because such a request is not a "final decision . . . made after a hearing" under § 405(g).  20 C.F.R. § 404.903(l); *Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Cash*, 327 F.3d at 1256.  As such, federal courts generally lack subject-matter jurisdiction to review a denial of a request to reopen except where: (1) the claimant raises a colorable constitutional claim, or (2) the Commissioner *de facto* reopens and reconsiders the merits of the prior administrative determination or decision.  *See Califano*, 430 U.S. at 108-09; *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002).  As to the former, we have explained that: "A constitutional claim relating to the first application is insufficient to confer subject matter jurisdiction over [an] appeal of the reopening decision. The constitutional issue must concern the proceeding at which the decision not to reopen was made. Otherwise, constitutional claims arising out of an administrative proceeding could be preserved indefinitely through requests to reopen." *Cherry v. Heckler*, 760 F.2d 1186, 1190 n.4 (11th Cir. 1985) (determining that due process claim concerning manner in which Commissioner made decision not to reopen prior application was sufficient to bestow subject-matter jurisdiction), *superseded on other grounds by* 20 C.F.R. § 404.1520(a) (1992), *as recognized in Passopulos v. Sullivan*, 976 F.2d 642, 645-646 (11th Cir. 1992).

In *Eldridge*, the Supreme Court held that, despite a claimant's failure to raise before the Commissioner a claim that the due process clause entitled him to an evidentiary hearing before his disability benefits could be terminated, the district court had jurisdiction over the constitutional claim. *Eldridge*, 424 U.S. at 329-332.  In explaining its holding, the Court stated that the claimant had fully

presented his request for benefits to the Commissioner and the denial of that request "constitute[d] a final decision for purposes of § 405(g) jurisdiction over his constitutional claim," and that the constitutional challenge was entirely collateral to the claimant's substantive claim of entitlement and inappropriate for decision by the Commissioner. *Id.* at 330-32.

In *Shrader*, a claimant sought review of a district court decision dismissing for lack of jurisdiction an action challenging the Commissioner's summary dismissal of a request for an evidentiary hearing on *res judicata* grounds. *Shrader*, 631 F.2d at 299. Before the district court, the claimant alleged a denial of due process on the ground that his mental illness prevented him from understanding the procedures to obtain review of the denial of his earlier *pro se* claims, which had been denied *ex parte*. *Id*. Relying on *Eldridge*, the Fourth Circuit concluded that, notwithstanding the claimant's failure to present his constitutional claim to the Commissioner, it possessed jurisdiction over the constitutional claim because the constitutional claim was collateral to his claim for benefits and the consequent denial of benefits was final. *Id.* at 300.

In April 2021, in *Carr*, the Supreme Court determined that principles of issue exhaustion did not require SSA claimants to argue before their respective ALJs that the ALJs who originally heard their cases were not properly appointed. *Carr*, 141 S. Ct. at 1356, 1362. In so holding, the Court explained that two considerations tipped the scales against imposing the issue-exhaustion requirement on the claimants' Appointments Clause claims: (1) "agency

adjunctions are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' areas of technical expertise"; and (2) the Court had consistently recognized a futility exception to exhaustion requirements where adjudicators "are powerless to grant the relief requested." *Id.* at 1360-61.

An appellant's brief must include arguments containing the appellant's contentions and reasons for them, with citations to authorities and the record on which the appellant relies. Fed. R. App. P. 28(a)(8)(A). An appellant forfeits an issue when she raises it in a perfunctory manner without supporting arguments and authority. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022). Accordingly, an appellant's mere statement that an issue exists, will not suffice. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

In this case, the record does not support a finding that the ALJ failed to address any request by Kimbril to reopen a prior determination. Kimbril does not dispute that she failed to expressly raise such a request and the record shows only that Kimbril briefly mentioned the prior proceeding in the context of discussing missing medical evidence and her work history at her hearing before the ALJ. Further, even assuming that such a request was made, Kimbril's Appointments Clause claim improperly asserted a due process claim relating to administrative proceedings from Kimbril's prior October 2016 application, and, thus, Kimbril's constitutional

22-11992    Opinion of the Court    7

claim was jurisdictionally deficient under *Cherry*,[1] even in light of *Carr, Eldridge*, and *Shrader*. Finally, because Kimbril does not raise any argument with respect to the district court's denial of her motion to alter judgment, she has abandoned any challenge in this respect.[2] Accordingly, we affirm.

**AFFIRMED.**

---

[1] See *Cherry*, 760 F.2d at 1190 n.4 ("A constitutional claim relating to the first application is insufficient to confer subject matter jurisdiction over this appeal of the reopening decision. The constitutional issue must concern the proceeding at which the decision not to reopen was made. Otherwise, constitutional claims arising out of an administrative proceeding could be preserved indefinitely through requests to reopen.").

[2] As we noted above, Kimbrel also does not raise any argument with respect to the Commissioner's finding that she was not disabled based on her March 2019 SSI application. Accordingly she has abandoned any challenge in this respect.